## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA
    Plaintiff

v.               Civil Action No: 18-01798

DELORIS L. KOZAK
    Defendant

## ORDER

AND NOW, this 8th day of January, 2019, upon consideration of Plaintiff's motion for default judgment, the accompanying memorandum of law and affidavit, and any opposition thereto, it is hereby

## ORDERED

1. That plaintiff's motion for judgment is granted. Judgment is entered in favor of Plaintiff, United States of America, and against Defendant, DELORIS L. KOZAK, in the amount of $47,295.55 plus interest at the rate of $6.58 per day from November 30, 2017 until the date of this Order, and thereafter with interest thereon from the date of judgment pursuant to 28 U.S.C. § 1961.

2. That the promissory note and mortgage between Plaintiff and Defendant are foreclosed as to the property located at 1689 Black Moshannon Road Philipsburg, PA 16866-3104 ("Property"). In accordance with the provisions of the National Housing Act, there is no right of redemption in the mortgagor or any other person. 12 U.S.C § 1701k; United States v. *Forest Glen Senior Residence*, 287 F.Supp. 343(D.Or. 1967).

3. That the Property be sold according to the following:

  (a) The United States Marshal for the Middle District of Pennsylvania is directed to sell the Property for cash to the highest bidder at a public, judicial sale pursuant to Title 28 U.S.C. Section 2001 within 180 days of this Order. Notice must be given, in accordance with 28 U.S.C. Section 2002, once a week for four consecutive weeks prior to the sale in one newspaper regularly issued and of general circulation in the county and judicial district where the Property is situated. To reduce the costs and

expenses of tax sale, Plaintiff may advertise a short description of the Property rather than a complete legal description.

(b) Ten percent (10%) of the highest bid must be deposited in certified check or cashier's check with the United States Marshal by the bidder immediately upon the Property being struck down to the bidder. The balance of the purchase money must be paid in certified or cashier's check by the highest bidder to the Marshal within ten (10) days after the sale is confirmed by the Court, without demand for the same being made by the Marshal. It is the highest bidder's responsibility to ascertain the date of confirmation. If the highest bidder fails to settle, all their rights in the real estate shall cease and be completely void and the Property may be re-advertised and sold by the Marshal without further order of the Court at the risk of the defaulting bidder whose deposit shall be forfeited; and in case of a deficiency on such resale, they shall make good the same to the person thereby injured. The highest bidder shall take the Property subject to and is to pay all state and local taxes, water rents or charges, sewer rents or charges, and municipal claims, and any other claims, charges and liens against the Property which are not divested by the Marshal's sale, and shall pay all state, local and federal transfer taxes and stamps. If Plaintiff is not the successful bidder, Plaintiff will automatically be registered as the second highest bidder at the judgment amount and may proceed to make settlement with the Marshal in the event of default by the highest bidder.

(c) Plaintiff, United States of America, or its nominee, is granted right of entry at reasonable times to the Property for purposes of pre-sale inspection and Marshal's sale with the right to inspect the house, the books, records and accounts, all other items, things and information necessary for the inspection, advertisement and sale of the Property.

(d) Motion for Confirmation of the public sale shall be made by the Marshal or the Plaintiff to the Court thirty (30) days after the date of sale.

4. Upon confirmation of the sale, the Marshal shall hold the proceeds of the sale after costs and expenses of the sale pending distribution pursuant of further Order of this Court.

5. Plaintiff shall be paid the amount adjudged due pursuant to the distribution of the proceeds of the sale.

6. A true copy of this Order and decree shall be delivered to the United States Marshal by the Clerk.

7. Jurisdiction is retained over this matter for the granting of such orders and decrees as the circumstances may require.

BY THE COURT:

/s/ Matthew W. Brann          J.
Matthew W. Brann
United States District Judge